UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WALTER BLOCK** | * | CIVIL ACTON NO.: |
| | * | |
| **VERSUS** | * | |
| | * | JUDGE |
| **THE NEW YORK TIMES COMPANY,** | * | |
| **SAM TANENHAUS, AND** | * | |
| **JIM RUTENBERG** | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, WALTER BLOCK, a person of full age of majority and a resident of Orleans Parish, Louisiana, who respectfully represents as follows.

1.

Made defendants herein are:

THE NEW YORK TIMES COMPANY, a foreign corporation with its principal place of business In the State of New York;

SAM TANENHAUS, a person of full age of majority, who resides in the State of New York; and

JIM RUTENBERG, a person of full age of majority, who resides in a state other than Louisiana.

## JURISDICTION

2.

Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. § 1332 and the Constitution and Laws of the United States; defendants specifically and purposefully targeted a resident of the

State of Louisiana, with full knowledge and intent that the effects of their actions would be felt in the State of Louisiana, and thereby purposefully availed themselves of the jurisdiction of this Honorable Court. *See, e.g., Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). Plaintiff avers that his damages exceed the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332.

## VENUE

3.

Venue is proper in this Honorable Court pursuant to the provisions of 28 U.S.C. § 1391(b)(3).

## LAW

4.

This matter is pled pursuant to the substantive laws of the State of Louisiana, which are made applicable hereto by the *Erie* Doctrine and/or the Constitution and Laws of the United States.

5.

Defamation is an actionable claim under Louisiana law, arising out of Louisiana Civil Code article 2315.

6.

False light invasion of privacy is also an actionable claim under Louisiana law, arising out of Louisiana Civil Code article 2315.

## FACTS

7.

On or about January 25, 2014, THE NEW YORK TIMES COMPANY published an article entitled "Rand Paul's Mixed Inheritance" (the "Article") in the New York Times newspaper. Defendants, SAM TANENHAUS and JIM RUTENBERG, co-authored this Article. The Article contains a paragraph which reads:

> Walter Block, an economics professor at Loyola University in New Orleans who described slavery as "not so bad," is also highly critical of the Civil Rights Act. "Woolworth's had lunchroom counters, and no blacks were allowed," he said in a telephone interview. "Did they have a right to do that? Yes, they did. No one is compelled to associate with people against their will.

8.

The Article also contains a second paragraph referencing plaintiff, which reads:

> One economist, while faulting slavery because it was involuntary, suggested in an interview that the daily life of the enslaved was "not so bad – you pick cotton and sing songs."

9.

The statements made about plaintiff and quoted hereinabove are untrue, defamatory and have caused him damages. Defendants had no basis for the publication of the remarks regarding plaintiff and they either knew, or should have known, that the statements would harm plaintiff's personal and/or business and/or academic reputation and would deter others from associating or dealing with him.

10.

The quotation above, standing alone, uses innuendo, misquotation and/or quotation out of context to give the impression that plaintiff is a racist, a supporter of slavery, and/or against the Civil Rights Act of 1964 solely because of racial prejudices.

11.

The entire article, when read as a whole, is a conscious attempt to defame and/or place plaintiff in a false light before the public.

12.

Moreover, the article itself is evidence of actual malice or intent to defame plaintiff as it was clearly politically motivated, with the intent to cause those named in the article, including plaintiff, to lose favor in the eyes of the community and/or to cause the community to hold plaintiff up to scorn, disdain, and/or ridicule. The statement above was published without verification of the facts and with no regard for the impact and damage it would have on plaintiff's reputation.

13.

THE NEW YORK TIMES COMPANY publishes the New York Times newspaper and is responsible for its content. Further, as the employer of SAM TANENHAUS and JIM RUTENBERG, who were at all times engaged in the exercise of the functions in which they are employed, THE NEW YORK TIMES COMPANY is vicariously responsible for the damages occasioned by SAM TANENHAUS and JIM RUTENBERG. La. Civ. Code art. 2320.

14.

As a result of the defamatory and untrue statements, plaintiff has been subjected to the criticism of his peers in the academic community, many of whom, prompted by said statements, have published correspondence indicating their disdain for him personally and professionally. As a result, plaintiff will most probably be denied business opportunities and further advancement in his career as an academic.

## FIRST CAUSE OF ACTION

15.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

16.

By conspiring to author and publish the Article, the defendants have engaged in a malicious attempt to discredit plaintiff, cause him to become estranged from the community(ies) in which he lives and works, and cause the severance of relationships with his friends, co-workers, colleagues, students, and others with whom he corresponds in any professional or personal capacity.

17.

Plaintiff avers that defendants herein, THE NEW YORK TIMES COMPANY, SAM TANENHAUS and JIM RUTENBERG, are *solidarily* liable unto plaintiff for damages that are reasonable in the premises arising as a direct and proximate result of defendants' nonprivileged publication of defamatory words falsely insinuating that plaintiff holds certain racial prejudices

and/or explicitly stating same, falsely and out of context, with malice and/or reckless disregard for the truth of their assertions and without probable cause.

18.

The statements and/or innuendos made about plaintiff in the Article are considered defamatory *per se*.

## SECOND CAUSE OF ACTION

19.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

20.

Plaintiff further avers that defendants herein, THE NEW YORK TIMES COMPANY, SAM TANENHAUS and JIM RUTENBERG, are *solidarily* liable unto plaintiff for damages that are reasonable in the premises arising as a direct and proximate result of defendants' intentionally, with malice and/or reckless disregard for the truth of their assertions and without probable cause, subjecting plaintiff to publicity that unreasonably places the plaintiff in a false light before the public by falsely insinuating that plaintiff holds certain racial prejudices for the purpose of subjecting plaintiff to scorn, ridicule, and/or disdain in the community in which plaintiff resides, including but not limited to the academic community within the State of Louisiana.

## DAMAGES

21.

The actions of the Defendants, jointly, severally and as co-conspirators, constitute the torts of defamation, libel and/or false light invasion of privacy.

22.

Plaintiff's damages exceed the minimum jurisdictional amount for a trial by jury. He itemizes the categories of his damages to include, but not be limited to:

a. Damage to his personal, business and academic reputation(s);

b. Personal embarrassment and humiliation;

c. Emotional stress and anguish;

d. Loss of economic, academic and/or professional opportunity(ies);

e. Loss of friendship and companionship of others;

f. Any and all other damages to be proven at the trial of this matter.

Plaintiff prays for an award by this Honorable Court for reasonable damages under the circumstances.

## JURY TRIAL

23.

Plaintiff is entitled to and prays for a trial by jury on all factual issues pled herein.

WHEREFORE, plaintiff, WALTER BLOCK prays that process due in the form of law and according to the Federal Rules of Civil Procedure issue against defendants, THE NEW YORK TIMES COMPANY, SAM TANENHAUS and JIM RUTENBERG, directing them to appear and answer the matters aforesaid, and that after due proceedings have been had, there be judgment in favor of plaintiff, for reasonable damages, together with legal interest from the date of occurrence until paid and for all costs of these proceedings; plaintiff further prays for all general and equitable relief which the justice of the cause may require, and to which he may otherwise be entitled by law.

Respectfully submitted,

MAHTOOK & LAFLEUR
(A Limited Liability Company)

_____
WARD F. LAFLEUR, NO. 01770
MARC J. MANDICH, NO. 35402
P. O. BOX 3089
LAFAYETTE, LA   70502
Telephone: (337) 266-2189
Facsimile: (337) 266-2303

**COUNSEL FOR PLAINTIFF,**
**WALTER BLOCK**

## CERTIFICATE

I HEREBY CERTIFY that the above and foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U.S. Mail

( ) Facsimile      ( ) Federal Express

(X) EM/CEF Filing      ( ) Certified Mail

Lafayette, Louisiana, this 23 day of September, 2014.

_____
WARD F. LAFLEUR