UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER BLOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2200** |
| **THE NEW YORK TIMES COMPANY, ET AL** | **SECTION: "B" (4)** |

### REPORT AND RECOMMENDATION

Before the Court is **Motion for Attorneys' Fees and Costs (R. Doc. 60)** filed by Defendants The New York Times Company, Sam Tanenhaus, and Jim Rutenberg ("Defendants") seeking an order from the Court to award attorneys' fees and costs incurred in the defense of the instant case. This matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and to submit Proposed Findings and Recommendations. R. Doc. 56.

**I.   Background**

Plaintiff Walter Block ("Plaintiff") filed this diversity action against the Defendants alleging defamation and false light invasion of privacy on September 23, 2014. R. Doc. 1. The Plaintiff's allegations stem from an article written and published by the Defendants that twice quoted the Plaintiff. On March 5, 2015, the Defendants filed a motion to strike the claims under Louisiana Code of Civil Procedure Article 971. R. Doc. 10. The District Court granted the motion. R. Doc. 23.

On appeal, the United States District Court of Appeals for the Fifth Circuit issued a mandate vacating the judgment and remanding in light of its decision in *Lozovyy v. Kurtz,* 813 F.3d 576 (5th Cir. 2015). On remand and by order of the District Court, the Defendants again filed a special motion to strike addressing the issues raised by the Fifth Circuit. R. Doc. 35. The District Court then granted the motion to strike after finding the Plaintiff had established no genuine dispute of material fact on each element of his claim. R. Doc. 56. As part of that order, the District

Court instructed the Defendants to submit their motion for attorneys' fees within thirty days and referred that motion to the undersigned. *Id.* at p. 23.

On September 1, 2016, the Defendants filed their motion for attorneys' fees. R. Doc. 60. Prior to the filing of the instant motion, a notice of appeal was filed by the Plaintiff on August 26, 2016. R. Doc. 58. The Plaintiff has filed an opposition to the Defendants' motion. R. Doc. 61.

## II.    Law and Analysis

While the Plaintiff has filed a notice of appeal appealing the motion striking the Plaintiff's claims, the Court still retains jurisdiction over the instant motion for attorneys' fees. "The district court…retains jurisdiction to resolve motions for…attorneys' fees while a judgment on the merits is pending on appeal." *Procter & Gamble, Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002). "However, the Court is not required to resolve such matters before the appeal is resolved." *Dunlin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, No. 4:07-914, 2013 WL 546489, at *2 (N.D. Miss. Sept. 30, 2013). As the 1993 Advisory Committee Notes to Federal Rule of Civil Procedure suggest:

> Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment, though revised Rule 58 provides a mechanism by which prior to appeal the court can suspend the finality to resolve a motion for fees. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.

When faced with such a situation, courts have chosen to deny the Rule 54 motion for attorneys' fees without prejudice to a right to renewal after disposition of the appeal on the merits. *Dunlin*, 2013 WL 546489, at *2; *Art Midwest, Inc. v. Clapper,* No. Civ.A.3:99CV2355, 2004 WL 877613 (N.D.Tex. Apr. 20, 2004). *See also, Kirmer v. Goodyear Tire & Rubber Co.,* 2012 WL 2564955 (E.D.La. July 2, 2012) (adopting recommendation of U.S. magistrate judge to dismiss without prejudice plaintiff's rule 54 motion for attorney fees as premature).

Here, the Court is faced with a similar situation. The Defendants' motion for attorneys' fees is before the Court, and the Court has jurisdiction to resolve the motion. However, the merits of the order are on appeal. "Immediate resolution of the collateral issues of attorney fees and expenses is unlikely to assist the Court of Appeals." *Dunlin*, 2013 WL 546489, at *2. Therefore, the undersigned recommends that the Defendants' Motion for Attorneys' Fees be denied without prejudice to their right to refile their motion for attorneys' fees no later than fourteen days after a ruling on the merits by the Court of Appeals.

### III. Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Defendants' **Motion for Attorneys' Fees and Costs (R. Doc. 60)** be **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the Defendants be permitted to refile their Motion for Attorneys' Fees and Costs no later than fourteen days after a ruling on the merits by the United States District Court of Appeals for the Fifth Circuit.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**